UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Good Life Wholesale LLC,<br><br>    *Plaintiff*,<br><br> v.<br><br>Rico Jiao,<br><br>    *Defendant*. | **Case No. 2:25-cv-2099**<br><br>**Complaint For Declaratory Judgment**<br><br>**Jury Trial Demand** |

**COMPLAINT**

This is an action brought under the Declaratory Judgment Act by Plaintiff Good Life Wholesale LLC, d/b/a GDLF ("GDLF") ( "Plaintiff"), against Defendant Rico Jiao ("Defendant"), seeking a declaration that Plaintiff's Laundry Pedestal products, identified (the "Accused Product" or "Laundry Pedestal") do not directly or indirectly infringe U.S. Patent No. 12,404,623 B2 ("the '623 Patent") , either literally or under the doctrine of equivalents, and/or that the '623 Patent is invalid. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

-1-

| COMPLAINT | GLACIER LAW LLP<br>506 Second Avenue, Suite 1516<br>SEATTLE, WA 98104<br>212-729-5049 |
|---|---|

1. This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's actions have caused and continue to cause significant harm to Plaintiff, as the Accused Product is at risk of being removed from Amazon through enforcement of the '623 Patent.

2. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment that Defendant's '623 Patent is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

## PARTIES

3. Plaintiff Good Life Wholesale LLC is a company organized under the laws of United States, Arizona, with a principal place of business located at 620 N 43RD AVE. STE 200, Phoenix, Maricopa, 85009.

4. Upon information and belief, Defendant Rico Jiao, is an individual and the address is 2511 Camberwell Ct. Herndon VA 20171.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

6. An actual case or controversy exists between the parties to this action. Defendant has accused Plaintiff's Amazon listings of infringing the '623 Patent and demanded that Plaintiff either settle or participate in Amazon's "Patent Evaluation Express," under threat that the listings will be removed if Plaintiff does not comply. Defendant's ongoing enforcement efforts place the Accused Product at continuing risk of removal from Amazon and cast a cloud over Plaintiff'

competitive position. These actions have caused, and continue to cause, concrete injury traceable to Defendant and redressable by this Court, thereby giving rise to an actual controversy under 28 U.S.C. § 2201 et seq.

7. This Court has personal jurisdiction over Defendant in this action at least because Defendant purposefully directed its patent-enforcement activities into this District, including by transmitting and causing the transmission of a court TRO and takedown/enforcement communications to Amazon personnel located in Seattle, Washington, with the foreseeable and intended effect of removing Plaintiff's product listings and disrupting Plaintiff' sales in this District. *See*, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008) (holding that specific personal jurisdiction is satisfied by a patentee's "extra-judicial patent enforcement" efforts in the forum state). Each claim presented herein arises from Defendant's actions directed at this forum, establishing sufficient minimum contacts under Washington's Long-Arm Statute, RCW 4.28.185.

8. For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

### THE FACTUAL BACKGROUND

9. Plaintiff designs, sources, and sells laundry-related products on Amazon.com and other ecommerce channels. Plaintiff has invested substantial resources in developing its listings, inventory, and customer relationships.

10. Defendant Rico Jiao is identified as the owner of the "'623 Patent". On or about October 15, 2025, Amazon notified Plaintiff that Defendant had reported Plaintiff's Accused Product as infringing the '623 Patent (Amazon Case ID 18647339961), and stated that unless Plaintiff either resolved the claim with Defendant within three weeks or entered Amazon's neutral

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

Patent Evaluation Express (APEX) process and paid a deposit, Amazon intended to remove Plaintiff's listing(s) and any materially identical variants.

11. In connection with the APEX process, Defendant submitted an executed Amazon Patent Evaluation Express Agreement identifying: Patent Owner Rico Jiao; physical address 2511 Camberwell Ct., Herndon, VA 20171; contact email Amazon@eCompeteSolutions.com; brand EZ Laundry; asserted patent US 12,404,623 B2 and accused ASIN B0D3D25MTH; dated October 15, 2025. *See* **Exhibit B**.

12. Plaintiff denies that Accused Product infringes any valid and enforceable claim of the '623 Patent and disputes Defendant's accusations. Plaintiff further contends that one or more claims of the '623 Patent are invalid and/or unenforceable.

13. Defendant's report and Amazon's threatened removal have created immediate and concrete harm to Plaintiff, including loss of sales, damage to goodwill, disruption of inventory planning, and ongoing business uncertainty.

14. The Amazon marketplace constitutes Plaintiff's primary sales channel in the United States. To remain competitive in the United States market for the Accused Product, Plaintiff must maintain their product listings on Amazon. Defendant's action has placed Plaintiff's listings in imminent danger of removal from Amazon, thereby threatening to cut off access to Plaintiff's most significant channel of trade. As a result, Defendant's enforcement activities of the '623 Patent Patent via Amazon has caused, and continues to cause, immediate and irreparable harm to Plaintiff.

### The '623 PATENT

15. The '623 Patent was filed on June 25, 2023, and issued on September 2, 2025. A true and correct copy of the '623 Patent is attached hereto as **Exhibit A**.

16. The '623 Patent is entitled "Laundry Pedestal System" and generally discloses a pedestal designed to accommodate various brands and sizes of laundry machines. *See* Exhibit A at Abstract.

17. The '623 Patent has a sole independent claim and eleven dependent claims, each claiming a laundry pedestal system.

18. Upon information and belief, Defendant is the inventor and owner of the '623 Patent.

## COUNT I
### (Declaratory Judgment of Non-Infringement of the '623 Patent)

19. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

20. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the non-infringement of the '623 Patent by the Accused Product, as evidenced by Defendant's enforcement activities of the '623 Patent against Plaintiff, as set forth above. A judicial declaration is necessary to determine the parties' respective rights regarding the '623 Patent.

21. Plaintiff does not directly infringe, literally or under the doctrine of equivalents, any claim of the '623 Patent, including independent claim 1. *See* **Exhibit C**.

22. Claim 1 of the '623 Patent requires a drawer-shaped laundry hamper that forms part of the claimed "laundry pedestal system," and an internal, open-ended storage space within the pedestal that is shaped and sized to accommodate the drawer-shaped hamper and whose raised lower support surface forms the floor of that space. The claim also recites a set of welded cross bars underneath the upper support surface to limit vibration.

23. The Accused Product is stand-alone pedestals featuring, inter alia, a pull-out/extendable shelf that can hold a user's external basket and a closed lower cabinet for supplies, not an internal drawer-type hamper integrated into an open-ended bay, and not an internal bay whose raised lower surface forms the floor that receives any hamper. At least these claim elements are absent from Accused Product, and no claim can be met in full. *Id*.

24. Doctrine of equivalents does not apply. Treating an external, user-supplied basket on a pull-out shelf (with a closed interior cabinet) as equivalent to an internal, drawer-shaped hamper sliding within an open-ended bay would vitiate express limitations and contravene the all-elements rule. The Accused Product operates in a materially different function-way-result than what claim 1 of the '623 Patent recites. *Id*.

25. The Accused Product does not indirectly infringe the '623 Patent. Plaintiff has not induced infringement because it has not encouraged, instructed, or intended that customers practice every element of any asserted claim; its materials describe only non-infringing uses (elevating a machine, storing supplies, optionally placing a user's own basket on an external shelf). Nor does Plaintiff contributorily infringe under 35 U.S.C. § 271(c), because the Accused Product is a staple article suitable for substantial non-infringing uses and is not especially made or adapted for any patented combination. *Id*.

26. Moreover, the dependent claims 2–12 of the '623 Patent incorporate the limitations of claim 1, and claim 1 is not met, Accused Product likewise does not infringe claims 2–12 of the '623 Patent. In any event, additional limitations recited in certain dependent claims are also absent from the Accused Product.

27. Defendant's baseless complaint has caused, and continues to cause, immediate and irreparable harm to Plaintiff by placing the Accused Product at risk of being delisted.

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

28. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the non-infringement of the '623 Patent.

29. Plaintiff seeks a declaratory judgment that Plaintiff's Accused Product does not directly or indirectly infringe the presumably valid one or more claims of the '623 Patent, either literally or under the doctrine of equivalents, under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq.*

30. Plaintiff is also entitled to recover damages caused by Defendant.

## COUNT II
### (Declaratory Judgment of Invalidity of the '623 Patent)

31. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

32. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the validity of the '623 Patent, as evidenced by Defendant's enforcement activities of the '623 Patent against Plaintiff, as set forth above.

33. The claims of the '623 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

34. The U.S. Patent No. 9,499,933 B2 to Deryckere ("Deryckere") (issued November 22, 2016) discloses an appliance support that elevates domestic appliances such as washing machines to a working height. Deryckere teaches a structure with legs, an upper/top support panel, and a lower/bottom panel, and includes slide-out shelves associated with the upper and/or lower structure for holding a laundry basket or accessories. *See* **Exhibit D**.

35. The Chinese Utility Model CN 200999295 Y to Zhang ("Zhang") (published Jan. 2, 2008) discloses a washing-machine support bracket comprising pillars/legs, a base, and a frame,

and incorporates a drawer on slide rails within the base, using the internal space to store items such as washing powder. *See* **Exhibit E**.

36. The U.S. Patent No. 6,585,225 B1 to Lake ("Lake") (issued July 1, 2003) discloses an appliance support base for elevating appliances such as washers and dryers. Lake teaches a modular base made from interlocking side walls and an embodiment featuring a drawer/hamper accessible within the base structure, along with internal bracing for strength and vibration control. *See* **Exhibit F**.

37. These references, individually or in combination with each other and/or combined with the knowledge generally available to a person of ordinary skill in the art at the time of the alleged invention, disclose or render obvious all limitations of at least Claim 1 of the '623 Patent. For instance, features such as providing a lower support surface that forms the floor of a storage space raised above ground level , or incorporating welded cross bars underneath an upper support surface for structural reinforcement and vibration dampening, would have been well within the common knowledge and routine design choices for strengthening such support structures available to one skilled in the art. Therefore, claim 1 of the '623 Patent is invalid for anticipation and/or obviousness.

38. Any dependent claims are likewise invalid because they incorporate the limitations of Claim 1 and add only conventional, obvious features (such as variations in storage configuration, support geometry, or routine reinforcement) found in or suggested by the references identified above, either alone or in combination, and in view of the common knowledge of a person of ordinary skill in the art at the relevant time.

39. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the validity of the '623 Patent.

40. Plaintiff seeks a declaratory judgment that the claims of the '623 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one of more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

41. Plaintiff is also entitled to recover damages caused by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgment against Defendant as follows:

A. For judgment in favor of Plaintiff against Defendant on all claims.

B. Declaring that Plaintiff's Accused Product does not infringe any of the claims of the '623 Patent;

C. Declaring that the claims of the '623 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112;

D. A finding that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

E. Awarding Plaintiff damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

F. Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

G. Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages;

H. Awarding pre- and post- judgment interest; and

I. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

-9-

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: October 24, 2025

By: /s/ *Ruoting Men*
Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516
SEATTLE, WA 98104
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

**Counsel for Plaintiff**