UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GOOD LIFE WHOLESALE LLC,<br><br>Plaintiff,<br><br>v.<br><br>RICO JIAO,<br><br>Defendant. | CASE NO. 2:25-cv-02099-JNW<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT |

## 1. INTRODUCTION

This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Plaintiff, Good Life Wholesale LLC, seeks a declaration that its products do not infringe Defendant Rico Jiao's United States Patent No. 12,404,623 B2 ("'623 Patent") or that the '623 Patent is invalid. The Clerk of the Court entered default against Jiao on January 20, 2026, Dkt. No. 8, and Good Life moves for default judgment. Dkt. No. 10. Because the Court lacks jurisdiction over Jiao, the motion is DENIED.

## 2. BACKGROUND[1]

Good Life sells laundry-related products on Amazon.com and other ecommerce channels. Dkt. No. 1 ¶ 9. Jiao owns the ’623 Patent for a “Laundry Pedestal System” designed to accommodate various brands and sizes of laundry machines. *Id.* ¶ 16. In October 2025, Amazon notified Good Life that Jiao had reported Good Life’s laundry pedestal product as infringing the ’623 Patent. *Id.* ¶ 10. Good Life alleges that its product would be removed from the Amazon marketplace unless it resolved Jiao’s claim within three weeks or entered Amazon’s neutral Patent Evaluation Express (APEX) process. *Id.* Since the Amazon marketplace is Good Life’s primary sales channel, Jiao’s patent-enforcement actions threaten Good Life’s business. *Id.* ¶¶ 6, 13–14. Good Life filed this case on October 24, 2025, seeking a declaration that its product does not infringe Jiao’s patent, but Jiao has neither appeared nor responded. Good Life now seeks a default judgment.

## 3. LEGAL STANDARD

Before entering a default judgment, a court must confirm that it has jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If jurisdiction exists, courts consider the *Eitel* factors when deciding whether to grant default judgment. These are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff’s substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning

---

[1] As default has been entered against Defendant, the Court considers the well-pled factual allegations in the complaint to be admitted by that Defendant and recites the relevant allegations. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).

> material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986). Courts often consider the second and third factors together, asking whether the plaintiff has made a prima facie case on its claims. *Waters v. Mitchell*, 600 F. Supp. 3d 1177, 1183 (W.D. Wash. 2022). At the default judgment stage, the court takes as true the well-pleaded factual allegations in the complaint, except those related to damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).

## 4. DISCUSSION

### 4.1 The Court has subject-matter jurisdiction over this action.

To begin, the Court confirms its authority to enter judgment. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, because this action arises under the laws of the United States, specifically, the Patent Act, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq. See, e.g.*, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) (concluding that declaratory judgment jurisdiction existed in the context of the enforcement of patent rights); *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380–81 (Fed. Cir. 2007) ("Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing

arguably illegal behavior or abandoning that which he claims a right to do.”). Subject-matter jurisdiction, though, is only half of what the Court needs.

**4.2 The Court lacks personal jurisdiction over Defendant.**

The Court must also confirm that it has personal jurisdiction over the defaulting defendant. *In re Tuli*, 172 F.3d at 712. In most circumstances, a party waives defects in personal jurisdiction unless it raises them in a responsive pleading. Fed. R. Civ. P. 12 (h)(1). But when a court considers whether to enter a default judgment, it has an affirmative duty to investigate its jurisdiction over the defendant, because a “judgment entered without personal jurisdiction over the parties is void.” *In re Tuli*, 172 F.3d at 712. When a court considers personal jurisdiction based on written materials, rather than an evidentiary hearing, a plaintiff’s pleadings and affidavits need only make a “prima facie” showing of personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Caruth v. Int’l Psychoanalytical Ass’n*, 59 F.3d 126, 128 (9th Cir. 1995)).

Because no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which it sits. Fed. R. Civ. P. 4(k)(1)(A). Washington’s long-arm statute (RCW 4.28.185) permits the exercise of jurisdiction to the full extent of the Due Process Clause of the United States Constitution. *Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004). Defendants must have “certain minimum contacts” with the relevant forum, “such that the maintenance of the suit does not

offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

In a patent infringement or declaratory judgment action, whether an out-of-state defendant is subject to personal jurisdiction is intimately involved with the substance of federal patent law, so Federal Circuit precedent controls the inquiry. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009).

There are two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 262 (2017). Neither reaches Jiao.

**4.2.1 The Court does not have general personal jurisdiction over Defendant.**

General jurisdiction "requires that the defendant have 'continuous and systematic' contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). According to Good Life, Jiao is a resident of Herndon, Virginia. Dkt. No. 1 ¶ 4; *see also* Dkt. No. 10 at 3 (describing the Virginia address where Jiao was served as matching Jiao's official business and trademark records). Good Life alleges no facts showing that Jiao has any contacts with Washington, let alone continuous and systematic ones. Thus, this Court cannot exercise general jurisdiction over Jiao.

**4.2.2 The Court does not have specific personal jurisdiction over Defendant.**

Specific jurisdiction requires that the suit "arise out of or relate to the defendant's contacts with the forum," which in turn requires "an 'affiliation between the forum and the underlying controversy.'" *Bristol-Myers*, 582 U.S. at 262 (cleaned up) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation modified). The Federal Circuit applies a three-factor test to determine whether specific personal jurisdiction comports with due process: "(1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'" *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1353 (Fed. Cir. 2017) (citing *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001)).[2] Specific jurisdiction is "presumptively reasonable" if the first two factors are satisfied. *Id.* at 1356.

Good Life contends that this Court has personal jurisdiction over Jiao because Jiao purposefully directed his patent-enforcement activities against Good Life through Amazon, which is headquartered in Seattle, Washington. Dkt. No. 1 ¶ 7. Good Life argues that Jiao "purposefully directed his extra-judicial patent-enforcement activity into this District, including by transmitting and causing the transmission of takedown and enforcement communications to Amazon personnel

[2] The Court notes that the analysis is consistent with the Ninth Circuit's three-part test articulated in *Schwarzenegger*, 374 F.3d at 802.

located in Seattle, Washington, with the intended effect of removing Good Life's product listings and disrupting sales in this District." Dkt. No. 10 at 2.

In a recent decision on personal jurisdiction in patent cases, the Federal Circuit held that initiating Amazon's Patent Evaluation Express (APEX) process subjects the patent owner to personal jurisdiction in the alleged infringer's home state. *SnapPower v. Lighting Def. Grp.*, 100 F.4th 1371, 1375 (Fed. Cir. 2024), *cert. denied sub nom. Lighting Def. Grp. v. SnapRays*, 145 S. Ct. 1424 (2025). The district court originally dismissed the case, reasoning that the jurisdictional contact was directed at Amazon in Washington. *See SnapRays, LLC v. Lighting Defense Group*, No. 2:22-cv-00403-DAK-DAO; 2022 WL 16712899, at *1 (D. Utah Nov. 4, 2022) *reversed and remanded by SnapPower*, 100 F.4th 1371. The Federal Circuit reversed, holding that the APEX notification was an intentional enforcement activity directed squarely at the competitor's home forum because that is where the economic impact and injury would be felt. *SnapPower*, 100 F.4th at 1375. The true target of the extra-judicial enforcement mechanism is the competitor, wherever that competitor resides. *Id.* Good Life is an Arizona company with its principal place of business in Phoenix. Dkt. No. 1 ¶ 3. Under *SnapPower*, then, the proper forum is Good Life's home state, Arizona, not Washington.

Good Life therefore fails to show that Jiao is subject to personal jurisdiction here. Because the Court lacks personal jurisdiction, it need not consider the *Eitel* factors.

## 5. CONCLUSION

Accordingly, Plaintiff's motion for default judgment, Dkt. No. 10, is DENIED.

Dated this 22nd day of July, 2026.

Jamal N. Whitehead
United States District Judge